IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN SHEET METAL WORKERS
HEALTH AND BENEFIT FUND, MILWAUKEE
AREA SHEET METAL JOURNEYMEN AND
APPRENTICESHIP TRAINING FUND, and
PATRICK LANDGRAF,

                Plaintiffs,

  v.

MAP SERVICES, LLC,

                Defendant.

ORDER

17-cv-629-jdp

---

      Plaintiffs, two employee benefit plans and their fiduciary and trustee, filed suit against defendant MAP Services, LLC, alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA). Dkt. 1. When MAP Services failed to plead or otherwise defend itself, plaintiffs moved for, and the clerk entered, default. Dkt. 6 and Dkt. 11. Now, plaintiffs move for default judgment. Dkt. 9. The court will deny plaintiffs' motion because they did not properly serve MAP Services.

      Plaintiffs were unable to serve MAP Services on a single attempt at its registered location—a vacant apartment building—or its alternate address, despite five attempts. Dkt. 3. So plaintiffs took it upon themselves to serve MAP Services by publication, as is allowed by Wisconsin Statute section 801.11(1) when the defendant cannot be served by other means "with reasonable diligence." (Federal Rule of Civil Procedure 4(e)(1) permits service pursuant to the law of the state in which the district court sits—here, Wisconsin.)

      "What amounts to reasonable diligence will depend upon the facts of each case." *Heaston v. Austin*, 47 Wis. 2d 67, 176 N.W.2d 309, 313 (1970). A single attempt at service

may not often amount to "reasonable diligence," but here, when the single attempt revealed that the building was vacant, it does. And the five attempts at the alternate address meet, if not exceed, the reasonable-diligence requirement. So service by publication was appropriate.

But plaintiffs did not accomplish service by publication as required by Wisconsin Statute section 985.02. Specifically, they did not publish a legal notice "in a newspaper likely to give notice in the area or to the person affected." § 985.02(1). The two addresses listed for MAP Services are both in the city of Janesville, within Rock County. But plaintiffs' affidavit of publication indicates that legal notice was published in The Daily Reporter, a newspaper "printed and published in . . . the City of Milwaukee, in said county." Dkt. 5. There's no indication that publication in The Daily Reporter is likely to give notice to anyone outside Milwaukee County. *See PHH Mortg. Corp. v. Mattfeld*, 2011 WI App 62, ¶¶ 10–11, 333 Wis. 2d 129, 799 N.W.2d 455 (noting that The Daily Reporter's standard affidavit of publication fails to establish that it would be likely to give notice to a resident of Waukesha County).

Also, section 801.11(1)(c) requires a copy of the summons and complaint to be mailed to the defendant "at or immediately prior to the first publication" when "the defendant's post-office address is known or can with reasonable diligence be ascertained." Plaintiffs do not indicate that they met this requirement, despite noting MAP Services' PO Box in their filings.

Plaintiffs are not entitled to default judgment because they have not properly served MAP Services. But they may try again. The court will extend the time for service under Rule 4(m) to allow them time to do so.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for entry of injunctive relief, Dkt. 9, is DENIED without prejudice.

2. Plaintiffs must file proof of service with the court within 45 days of the date of this order.

Entered February 27, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge